IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>Sally Case,<br><br>    Plaintiff-Intervenor,<br><br>vs.<br><br>Luby's Inc., a Delaware corporation,<br><br>    Defendant. | **CIV 04-1094 PHX DGC**<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission") filed this action against the Defendant, Luby's, Inc., under Title I and Title V of the Americans with Disabilities Act (ADA) of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sally Case, who was adversely affected by such practices. The Complaint alleged that in the year 2000, Luby's personnel harassed Ms. Case because of her developmental disability. The Defendant Luby's vehemently denies the allegations and alleges no knowledge of discrimination.

The Court granted the Plaintiff-Intervenor, Sally Case, leave to join in this action.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of

law.  The parties agree that this Consent Decree is  fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties agree that this action should be finally resolved by entry of this Decree.

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims arising out of the issues between the Commission, Plaintiff-Intervenor, and Defendant Luby's, Inc. ("Luby's" or "Defendant")  in this lawsuit, including without limitation, back pay, compensatory and punitive damages, injunctive relief, costs and attorney's fees.

2. Defendant and its officers, agents, employees, successors, and assigns both at the time that this Decree becomes effective and for the duration of this Decree, agree not to: (a) unlawfully discriminate against any employee on the basis of disability; (b) unlawfully alter the terms and conditions of any employee's employment because of disability; (c) unlawfully refuse to reasonably accommodate any employee who requires a reasonable accommodation, as required by the ADA, or; (d) retaliate against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by ADA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

3. Defendant shall pay the amount of $ 90,000.  The  payment shall be made to Sally Case by check or money order at the address provided by the EEOC and/or by Plaintiff-Intervenor's private counsel.  The payment represents settlement of compensatory damages. The compensation is to be paid within ten

(10) calendar days of the entry of this Consent Decree. By January 31, 2007, Defendant shall issue United States Internal Revenue Service Form 1099 to Ms. Case for the payment.

    4. For attorney fees and costs, Defendant shall pay the amount of $60,000. Within ten (10) calendar days of the entry of this Consent Decree, Defendant's counsel will mail to the Arizona Center for Disability Law ("ACDL"), 100 N. Stone, Suite 305, Tucson, AZ 85701, a check or money order made payable to the Arizona Center for Disability Law in the amount of $60,000 for payment of attorney's fees and costs of litigation.

    5. Within 5 business days of the date the check or money order is placed in the mail pursuant to this Consent Decree, a copy of the check will be furnished to the Regional Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

    6. Defendant will not condition the receipt of monetary relief on Ms. Case's agreement to: (a) maintain confidentiality; or (b) waive her statutory right to file prospectively a charge with any federal or state anti-discrimination agency.

## OTHER RELIEF

    7. To assist Defendant in achieving and maintaining compliance in the area of anti-discrimination and equal employment opportunity, within 30 (thirty) days of the entry of the Decree, Defendant's Vice President of Human Resources will be charged with responsibility for (a) reviewing and revising Defendant's anti-discrimination policies; (b) reviewing and revising Defendant's procedures with respect to responding to and keeping records regarding complaints received through its "1-800" or "hotline" telephone number; (c) receiving and investigating complaints of discrimination; (d) evaluating and, if appropriate, disciplining or

terminating employees for violation of Defendant's anti-discrimination policies; (e) evaluating employees in the area of anti-discrimination/equal employment opportunity policies; and (f) preparing reports to the Commission, as required by paragraph 19 of this Decree.

    8.    Defendant will provide annual training on disability discrimination and retaliation, in Arizona, according to the following terms:

    a.    Defendant will arrange for and be financially responsible for a consultant/lecturer(s) who will provide consultation and a training session for all of its employees in Arizona.

    b.    The seminar training session shall be at least one and one-half hours in length, including thirty (30) minutes for questions and answers, and shall be conducted within four months of the entry of this Decree. All of Defendant's supervisory, management and non-supervisory employees shall attend the seminar session.

    c.    During the live training session(s), the General Manager of the store will address the employees about the importance of the training and following Luby's policies.

    9.    Luby's discrimination policies shall be posted in a prominent location at Defendant's facilities in Arizona. These policies shall be transmitted to Defendant's employees by an officer of the company and distributed to each current employee within thirty days of the entry of the Decree. These policies shall be distributed to all new employees when hired. These policies also shall be posted in a prominent place frequented by the employees. Defendant shall make these written policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will

include but not be limited to an audiotape format.

10. Defendant shall continue using a procedure which evaluates managers, supervisors and applicable human resources personnel on their performance in responding to complaints of discrimination and for their compliance with EEO laws, including the ADA.

11. Defendant shall promptly and appropriately investigate all complaints of disability discrimination. Defendant shall take reasonable care to prevent and swiftly correct any discrimination through the measures made available by Defendant. Defendant will not take any adverse employment action against the employee for reporting any claim of disability discrimination.

12. Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. All disciplinary actions taken against employees for violation of Defendant's policy will be retained in the violator's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file.

## APOLOGY

13. Within fourteen (14) days of the entry of the Decree, Defendant shall prepare a letter of apology to Ms. Case as attached as Exhibit A.

## REFERENCE LETTER

14. Luby's agrees to provide Ms. Case with a neutral letter of reference based on Ms. Case's career at Luby's signed by the Vice President of Human Resources within fifteen (15) days of the date of the execution of this Consent Decree.

## EXPUNGEMENT OF PERSONNEL FILE

15.  The parties agree that Luby's will make Sally Case's personnel file available for review by Plaintiffs' attorneys at the law offices of Brockelman and Fatica at a mutually convenient time and date within thirty (30) days of the date this Consent Decree is fully executed.  Luby's and Plaintiffs' attorneys will work together to expunge and/or amend Ms. Case's personnel file so that it does not contain:  (1) medical or disability-related information; (2) information about her charge of discrimination; or (3) any discussion of a discipline or negative work performance.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

16.  Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six months from the date of the entry of this Decree, and thereafter every six months for the duration of the Decree the following information:

   a.  Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of disability discrimination and retaliation;

   b.  Confirmation that:  (i) the Notice required in paragraph 18 of this Decree was posted and the location(s) where it was posted; and (ii) the policies referenced in this Decree were distributed to each current and new employee and posted.

17.  The Commission, upon reasonable notice, shall have the right to enter and inspect Defendant's premises in Arizona to ensure compliance with this

Decree and the ADA's prohibition of disability discrimination, as well as retaliation.

18. Defendant will post the Notice contained in the attached Exhibit B at Defendant's facilities located in Arizona. The Notice will be posted in an appropriate place frequented by employees, for the duration of this Decree. The Notice shall be the same type, size, and style as Exhibit B.

## AFFIDAVIT OF COMPLIANCE

19. Defendant will report in writing and in affidavit form to the Commission on a semi-annual bases within six (6) months from the entry of this Decree. The affidavit shall attest that Defendant has taken the action required with each and every provision of this Consent Decree.

20. The Commission, upon reasonable notice shall have the right to enter and inspect Defendant's premises located in Arizona to ensure compliance with this Decree.

21. The duration of this Decree shall be eighteen (18) months from the date of its entry.

22. Except as set forth in paragraph 4 above, the parties shall bear their own attorneys' fees and costs incurred in this action up to the date of entry of this Decree.

23. This Court shall retain jurisdiction of this action for a period of eighteen (18) months after entry of the Decree. If a question of compliance with the non-monetary terms of the Decree arises, the EEOC and ACDL shall give written notice to Defendant of its alleged non-compliance and Defendant shall have a minimum of sixty (60) days to cure any non-compliance. If the EEOC and

ACDL believe that the alleged non-compliance has not been cured, the parties shall meet and confer to exhaust these attempts to resolve the issue of non-compliance before the EEOC files a contempt action in Court.  This Decree shall expire by its own terms at the end of eighteen (18) months after entry of the Decree, without further action by the parties or the Court.

24.   The Commission or Plaintiff-Intervenor may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

25.   The parties agree to the entry of this Decree subject to final approval by the Court.

DATED this 19th day of April, 2006.

_____
David G. Campbell
United States District Judge

8

APPROVED AND CONSENTED TO:

| | |
|---|---|
| s/ Mary Jo O'Neill | s/ Terrence B. Robinson |
| Mary Jo O'Neill | Terrence B. Robinson, Esq. |
| Regional Attorney | NEEL & HOOPER, P.C. |
| | 1700 West Loop South, Suite 1400 |
| s/ Sally Shanley | Houston, Texas 77027 |
| Sally C. Shanley | Telephone: (713) 629-1800 |
| Acting Supervisory Trial Attorney | |
| | |
| s/ Michelle Marshall | s/ Kim Fatica By Permission TBR |
| Michelle G. Marshall | Kimberly A. Fatica, Esq. |
| Trial Attorney | BROCKELMAN FATICA PLC |
| EQUAL EMPLOYMENT | 21 East Sixth Street, No. 100 |
| OPPORTUNITY COMMISSION | Tempe, Arizona 85281 |
| Phoenix District Office | Telephone: (480) 731-9200 |
| 3300 North Central Avenue, Suite 690 | |
| Phoenix, Arizona 85012 | Attorneys for Defendant |
| (602) 640-5061 | |
| Attorneys for Plaintiff | |

| | |
|---|---|
| s/ T. Diana Chen | s/ Peter Tropoli |
| J.J. Rico, Esq. | Peter Tropoli |
| Diana Chen, Esq. | Senior Vice President & General Counsel |
| ARIZONA CENTER FOR DISABILITY LAW | Luby's, Inc. |
| 100 N. Stone, Suite 305 | |
| Tucson, Arizona 85701 | |
| Telephone: (520) 327-9547 | |
| Attorneys for Plaintiff-Intervenor Sally Case | |

s/ Anna Marie DoVico
Anna Marie DoVico
Southwest Fiduciary, Inc.
[Temp.] Conservator for Sally Case
[Certified Fiduciary #20518]

9

# EXHIBIT A

[Luby's Letterhead]

[Date]

Sally Case

[address]

Dear Sally:

As you are aware, a lawsuit was filed by you and the Equal Employment Opportunity Commission against Luby's alleging harassment based on disability and failure to reasonably accommodate you.

Please accept my apology on behalf of Luby's and its management for any failure to accommodate and harassment you believe you endured because of disability while you worked for us. Please accept my commitment that the company will take the necessary steps to ensure that current and future employees with disabilities will be accommodated and that employees will not be subjected to any harassment.

We appreciate the years of service you provided to us. You were an excellent and dependable employee and wish you the best of luck in the future.

Sincerely,

Luby's V.P. of Human Resources

**EXHIBIT B**

**NOTICE TO ALL EMPLOYEES OF**

**LUBY'S**

It is unlawful under federal law Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of disability.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Luby's will not discriminate against any employee on the basis of disability and will not retaliate against any employee.

If you believe you have been discriminated against by Luby's, you have the right to seek assistance from:

    (1)    EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

    (2)    Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

or have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

<u>No Retaliation Clause.</u>  No action may be taken against you by any supervisory or management official of Luby's  for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.


Dated:                                                                             _____
                                                                                                                           LUBY"S